## WELSH *vs.* BAYAUD.

1. A receipt for $100, part of the consideration of an alleged contract for sale of lands, which does not describe the land or mention the price to be paid, without any other memorandum in writing, is not sufficient to found a decree for specific performance. The property to be conveyed, and the price to be paid, must be designated with certainty.

2. Where the fee is in the wife, a contract by her husband for the sale of her land, would not, if enforced, give title. A decree to convey would be complied with by his giving a deed of bargain and sale, without covenants, upon payment of the consideration.

3. In a suit for specific performance upon such a contract, the husband could not be compelled to procure a conveyance from his wife, nor could she in such suit, in any other way, be compelled to execute it.

4. Nor can a decree be made for the repayment of the money paid on signing the contract, under a prayer for general relief in a suit for specific performance.

---

Argued upon final hearing, on bill, answer, and proofs.

*Mr. C. H. Voorhis*, for complainant.

*Mr. Dixon*, for defendant.

THE CHANCELLOR.

This is a bill for specific performance of a contract for the sale of lands. There is no contract in writing; there is a receipt for $100 of the consideration, which does not de-

scribe the land or mention the price to be paid. There is no other memorandum in writing. It is clear that this writing is not a compliance with the requisitions of the statute of frauds. For that purpose the writing must designate with certainty the property to be conveyed, and the price to be paid. *Browne on Statute of Frauds*, §§ 376, 385. The defendant has. in his answer, set up the statute of frauds; and it is a full and complete defence, both at law and in equity.

Besides, had the contract been in writing, it appears both by the answer and the evidence, that the defendant does not own the property; the fee is in his wife, who is not a defendant, and did not join in the contract. And the defendant cannot be compelled to procure a conveyance from his wife, nor can she in this suit, in any other way, be compelled to convey it. A decree for the defendant to convey would be complied with by his giving a deed of bargain and sale without covenants, upon being paid the full consideration. This would hardly be accepted by the complainant; he would lose the $400, and would have no defence to his bond for $2000, and would gain no title to the lots.

The complainant asks, under this view of the case, that a decree be made that the defendant repay the money paid on signing the contract, there being a prayer for general relief. The complainant may have the right to recover this money, but his remedy is at law, not in equity. No suit could be brought in equity to recover money because the consideration had failed. The complainant having failed on his only ground for equitable relief, cannot have his suit retained for granting a relief to which he is only entitled at law.

The bill must be dismissed with costs.